SOLEY (MOFFAT v.). See Case No. 9,688.

## Case No. 13,164.

### The SOLIDAD COS.

[Blatchf. Pr. Cas. 94.] [1]

District Court, S. D. New York. Dec., 1861.

PRIZE—ENEMY PROPERTY—VIOLATION OF BLOCKADE.

Cargo condemned as enemy property, and also for an attempt to violate the blockade.

In admiralty.

BETTS, District Judge. This vessel was captured September 11, 1861, off Galveston bar, by the United States vessel of war South Carolina, ostensibly bound on a voyage from Vera Cruz to Matamoras or Key West. The owners of the cargo resided in Texas or Louisiana, and went out and returned on board the vessel. They sailed with her from Galveston in August previous, owning the outward cargo of cotton she carried. The vessel was in charge of her owner, who acted as mate. He had resided six years in Texas with his family. A sham sale was made by him of the vessel in Tampico, in order, as it appeared, upon the proofs in preparatorio, to put her in the name of a Mexican owner, for the proposed voyage or adventure. No consideration was paid by the purchaser, and he took an engagement from the vendor, that, on the return of the vessel to him at Tampico, his notes for the purchase money should be restored to him, and the vessel be returned to her American owner. All on board the vessel knew that the Gulf ports were blockaded when they left Galveston, and the vessel ran the blockade, in going out, by avoiding the main channel, and making her exit through a different and obscure one. The mate testified, on his examination, that the vessel, at the time of her capture, had received no notice of the war, or of the blockade at that port, and that he had pursued his voyage for Matamoras or Key West, and had not attempted to enter any blockaded port. Another of the ship's company proved that the vessel had passed Matamoras when she was taken, and had not attempted to enter that port, and did not steer for it or Key West, but made a course to enter some of the American Gulf ports. The vessel, when captured, was found unseaworthy, or so feeble that she could not be safely sent to a northern port, and her cargo was taken out and transmitted on the United States brig Delta to this port, where it has been libelled.

[1] [Reported by Samuel Blatchford, Esq.]

Upon the facts in proof, this cargo was manifestly enemy property when arrested, and is liable to condemnation as such. It was also intended, by the master of the vessel, to take it into some one of the blockaded ports, and this endeavor must be presumed to have been known and acquiesced in by the owners of it on board, if not directed by them. Upon either ground, accordingly, that the cargo is enemy property, or that it was intended to carry it into a blockaded port, in violation and fraud of the blockade, the cargo is subject to forfeiture. Jecker v. Montgomery, 18 How. [59 U. S.] 110. The pretence of the actual owner of the vessel that he was ignorant of the blockade at Galveston, because he had not been warned off or had personal notice of the same, or of the existence of the war, is shown by the other proofs, to be deceptive and untrue. Judgment of condemnation of the property seized.